MEMORANDUM *
Heng Chhun petitions for review of the Board of Immigration Appeals’ (“BIA”) decision adopting, supplementing, and affirming the Immigration Judge’s (“IJ”) denial of Chhun’s request for asylum, withholding of removal, and deferral of removal under the Convention Against Torture (“CAT”). The IJ found that Chhun was ineligible for asylum and withholding of removal because she had engaged in terrorist activity through her membership in and work on behalf of the Cambodian Freedom Fighters (“CFF”), and, alternatively, that she was ineligible for either form of relief because she could not show a well-founded fear of persecution or a likelihood of being persecuted on account of a protected ground. The IJ also found that Chhun was ineligible for relief under the CAT because she had not shown that it was more likely than not that she would be tortured upon her return to Cambodia. *311 The BIA affirmed the IJ, supplementing the IJ’s discussion of Chhun’s terrorist activity. Chhun petitions for review of the BIA’s determinations on each issue. We deny her petition.
We have jurisdiction to review the BIA’s determination that Chhun is ineligible for asylum because she engaged in terrorist activity to the extent this determination presents questions of law or mixed questions of law and fact. Khan v. Holder, 584 F.3d 773 (9th Cir.2009). Because the facts of Chhun’s case are undisputed, these questions include whether the CFF is a terrorist organization and whether Chhun reasonably should have known this fact. Id. The government concedes that we have jurisdiction to review the BIA’s determination that Chhun is ineligible for withholding of removal.
Substantial evidence supports the BIA’s determination that Chhun is ineligible for asylum and withholding of removal under 8 U.S.C. § 1158(b)(2)(A)(v) and 8 U.S.C. § 1231(b)(3)(B)(iv). An alien who is a member of a terrorist organization is ineligible for both forms of relief. 8 U.S.C. § 1182(a)(3)(B)(i)(VT). Alternatively, an alien who solicited funds for a terrorist organization, id. § 1182(a)(3)(B)(iv)(IV)(cc), or solicited members for a terrorist organization, id. § 1182(a)(3)(B)(iv)(V)(cc), has engaged in terrorist activity, id. § 1182(a)(3)(B)(i)(I), and is ineligible for both forms of relief. If an alien who falls under these provisions can show by clear and convincing evidence that she did not know nor reasonably should have known that the organization was a terrorist organization, she remains eligible.
Chhun admitted that she was a member of, solicited funds for, and solicited members for the CFF. She argues that the BIA erred in determining that the CFF is a terrorist organization and also argues that she demonstrated by clear and convincing evidence that she did not know nor should she have known that the CFF was a terrorist organization.
Substantial evidence supports the BIA’s determination that the CFF engaged in terrorist activity and was therefore a terrorist organization under 8 U.S.C. § 1182(a)(3)(B)(vi)(III). The CFF attempted an unlawful armed coup against the government of Cambodia, killed at least eight individuals, and involved “the use of’ an “explosive, firearm, or other weapon or dangerous device ... with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property.” Id. § 1182(a)(3)(B)(iii). Chhun’s argument that this provision does not apply to organizations engaged in armed resistance of certain regimes fails. Khan, 584 F.3d 773 (9th Cir.2009).
Substantial evidence supports the BIA’s determination that Chhun did not show by clear and convincing evidence that she did not know nor reasonably should have known that the CFF was a terrorist organization. Chhun admitted at her IJ hearing that she knew when she solicited money for the CFF that it was an illegal organization that wanted to overthrow the government. Therefore, she knew or reasonably should have known that the CFF was planning a terrorist activity against the Cambodian government. This renders Chhun ineligible for asylum and for withholding of removal.
Finally, substantial evidence supports the BIA’s determination that Chhun was not entitled to relief under the CAT. There is no evidence in the record that members of the CFF who have been arrested and prosecuted for their membership in the CFF, and for its role in the *312 attempted coup, have been tortured. Specifically, there is no evidence that Chhun’s brother, who was more involved in the CFF than Chhun herself was, has been subject to torture since being arrested for his membership in the CFF.
Petition for review DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.